(No. 2042—

FRASER-SMITH COMPANY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 13, 1934.*

FRASER-SMITH COMPANY, pro se.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Claimant seeks to recover for the account of the Farmers Co-op. Elevator Company of Luther, Iowa, for alleged negligence on the part of a grain inspector at Chicago, for delay in delivering an inspection report on a car of corn. The complaint alleges that the car was bought from the Farmers Co-op. Elevator Company July 27, 1931, at 57c delivered to Chicago with inspection at latter point to be by July 31st; that the car arrived in Chicago and was inspected on July 31st before 11:00 a. m., in time to have been handled in the Board of Trade before the close of the session and before the expiration of July contracts, but that through error, the sample, taken by the inspector in the Division of Grain Inspection, Department of Trade and Commerce, was delivered to the Grain Stabilization Corporation and was not discovered until after the close of the Board of Trade; that due to the fact that delivery by the. railroad of the car in question was made before July 31st, the railroad cannot be held responsible for the delay; that claimant's agent was compelled to buy a car to fill July contracts at the cash market for No. 2 yellow corn, which was 71¼c Chicago, making a loss to the shipper of 14½c per bushel; that the delayed car was sold on the open market on August 1st at 62c net; that the actual loss was 9½c per bushel, or $125.12.

Respondent has filed a motion to dismiss the claim on the ground that the declaration not only fails to show that the Grain Inspector in question had ever been notified prior to the inspection, by claimant or anyone else, to whom the report of inspection should have been delivered, and further for the reason that the respondent could not in any event be liable for any purported negligence upon the part of such employee.

The complaint alleges that the Beach-Wickham Company was the consignee of the car in question, but there is nothing · in the complaint disclosing any instructions or notice to the Inspector or the Grain Department in regard to the car in question. Regardless of this, however, the objection by the Attorney General that respondent could not be liable for any purported error or negligence upon the part of the employee is correct.

This court is committed to the rule that the State is not liable for the negligence of its agents or employees unless there is a Statute making it liable. There is no Statute making the State liable in a claim of this character, and unless the claimant can show the existence of a Statute creating such liability, the State, under the rule of *respondeat superior* would not be liable, and this court is without proper authority to make an award.

*Derby* vs. *State*, 7 C. C. R. 145.

*Mercer* vs. *State*, 6 C. C. R. 20.

The motion of the Attorney General to dismiss the claim is allowed. Case dismissed.